IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(Northern Division)

| | |
|---|---|
| **EASTERN SHORE TEAMSTERS PENSION PLAN,** by its Plan Sponsor, Joint Board of Trustees<br>9411 Philadelphia Road, Suite S<br>Baltimore, Maryland 21237<br><br>        Plaintiff,<br>v.<br><br>**TRANSPERSONNEL, INC.,**<br>100 Manpower Place<br>Milwaukee, Wisconsin 53212<br><br>Serve on:  CT Corporation System<br>           208 S. LaSalle Street, Suite 814<br>           Chicago, Illinois 60604<br>and<br><br>**MANPOWER, INC.,**<br>100 Manpower Place<br>Milwaukee, Wisconsin 53212<br><br>and<br><br>**MANPOWER US, INC.,**<br>100 Manpower Place<br>Milwaukee, Wisconsin 53212<br><br>and<br><br>**MANPOWERGROUP GLOBAL, INC.,**<br>100 Manpower Place<br>Milwaukee, Wisconsin 53212<br><br>Serve on:  CT Corporation System<br>           301 S. Bedford Street, Suite 1<br>           Madison, Wisconsin 53703<br><br>        Defendants. | Civil Action No. |

\*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*    \*

# COMPLAINT

Plaintiff, Eastern Shore Teamsters Pension Fund, by its Plan Sponsor, its Joint Board of Trustees, by and through its counsel, Corey Smith Bott and the law firm of Abato, Rubenstein and Abato, P.A., hereby complains against Defendants, Transpersonnel, Inc., Manpower, Inc., Manpower US, Inc., and Manpowergroup Global, Inc. as follows:

## I.  JURISDICTION

1. The jurisdiction of this Court is based upon Section 4301(c) of ERISA, 29 U.S.C. § 1451(c).

## II.  VENUE

2. The venue of the United States District Court for the District of Maryland (Northern Division) is proper under Section 4301(d) of ERISA, 29 U.S.C. § 1451(d).

## III.  PARTIES

3. Eastern Shore Teamsters Pension Plan and its Plan Sponsor, its Joint Board of Trustees ("Pension Plan"), is an employee pension benefit plan as defined in Section 3(2) of ERISA, 29 U.S.C. § 1002(2), and a multiemployer plan within the meaning of Section 3(37) of ERISA, 29 U.S.C. § 1002(37), and Section 4001(a)(3) of ERISA, as amended by the Multiemployer Pension Plan Amendments Act of 1980 ("MPPAA"), 29 U.S.C. §1301(a)(3).  The administrative offices of the Pension Plan are located at 9411 Philadelphia Road, Suite S, Baltimore, Maryland 21237.

4. The operation and administration of the Pension Plan is the responsibility of its Plan Sponsor, the Joint Board of Trustees.  The Board consists of Employer and Union Trustees, who, as fiduciaries within the meaning of sections 3(14)(A), 402 and

502(a)(3) of ERISA, 29 U.S.C. §§ 1002(14)(A), 1102 and 1132(a)(3), are obligated to collect withdrawal liability and delinquent employee benefit contributions consistent with sections 4202(3) and 515 of ERISA, 29 U.S.C. §§ 1382(3) and 1145.

5. Defendant Transpersonnel, Inc. ("Transpersonnel"), is/was a corporation organized and existing in the State of Illinois, with a principal place of business at 100 Manpower Place, Milwaukee, Wisconsin 53212. Transpersonnel was registered to conduct business in the State of Maryland from 1964 to 2005. In 2005 Transpersonnel's status in the State of Maryland was forfeited for failure to file a property return for 2005. Transpersonnel employed persons in the State of Maryland as drivers, loaders or helpers. Transpersonnel is/was an employer in an industry affecting commerce within the meaning of Sections 3(5) and 3(12) of ERISA, 29 U.S.C. §§ 1002(5) and (12). Further, Transpersonnel is an employer as defined by Section 4001(b) of MPPAA, 29 U.S.C. § 1301(b) under common control with the other Defendants in this case.

6. Defendant Manpower, Inc. ("Manpower") is/was a corporation organized and existing in the State of Wisconsin, with a principal place of business at 100 Manpower Place, Milwaukee, Wisconsin 53212. Manpower is not licensed to do business in the State of Maryland. Manpower is under common control with the other Defendants in this case, and is an employer as defined by Section 4001(b) of MPPAA, 29 U.S.C. § 1301(b).

7. Defendant Manpower US, Inc. ("Manpower US") is a corporation organized and existing under the laws of the State of Delaware, and is licensed to do business in the State of Maryland, with a principal place of business at 100 Manpower Place, Milwaukee, Wisconsin 53212. Manpower US is under common control with the

other Defendants in this case, and is an employer as defined by Section 4001(b) of MPPAA, 29 U.S.C. § 1301(b).

8. Defendant Manpowergroup Global, Inc. ("Manpowergroup") is a corporation organized and existing under the laws of the State of Wisconsin, with a principal place of business at 100 Manpower Place, Milwaukee, Wisconsin 53212. Manpowergroup is under common control with the other Defendants in this case, and is an employer as defined by Section 4001(b) of MPPAA, 29 U.S.C. § 1301(b).

### IV. COLLECTIVE BARGAINING AGREEMENT

9. At all times material to this complaint, Transpersonnel was signatory to a collective bargaining agreement with the International Brotherhood of Teamsters, Truck Drivers and Helpers Local Union No. 355 ("IBT Local 355"), which provides for the rates of pay, wages, hours of employment and other conditions of employment for employees of Transpersonnel that are members of the collective bargaining unit.

10. At all times material to this complaint, IBT Local 355, by virtue of Section 9(a) of the NLRA, has been, and is, the exclusive collective bargaining representative of Transpersonnel's employees in the bargaining unit for the purposes of collective bargaining with respect to rates of pay, wages, hours of employment, and other terms and conditions of employment. 29 U.S.C. § 159(a).

11. Under the collective bargaining agreement, Transpersonnel was required to pay the Pension Plan specified sums for each hour worked by its employees in the collective bargaining unit from their date of hire.

## V. TRUST AGREEMENTS

12. The Pension Plan is governed by the Eastern Shore Teamsters Pension Plan Agreement and Declaration of Trust ("Trust Agreement"). The Trust Agreement specifies that an employer delinquent in making pension benefit contributions is required to pay liquidated damages, in the amount of ten percent (10%) of the amount of contributions not received by the Pension Plan by the last day of the calendar month following the month for which the contributions are due.

13. An additional provision of the Pension Plan's Trust Agreement specifies that an employer delinquent in making pension benefit contributions is required to pay interest on the delinquent amounts from the date the contributions are due through the date of judgment or payment, whichever occurs first, at the rate of ten percent (10%) annually.

14. Finally, the Trust Agreement provides that an employer delinquent in making pension benefit contributions is required to pay court costs and reasonable attorneys' fees incurred by the Pension Plan in connection with any civil action for collection of such amounts.

## VI. FACTUAL ALLEGATIONS

15. Transpersonnel ceased all covered operations under the Pension Plan in 2004 effectuating a complete withdrawal from the Fund as defined by Section 4203 of ERISA, 29 U.S.C. § 1383.

16. On April 30, 2014, the Fund notified Transpersonnel of its withdrawal liability by sending a notice and demand for payment in accordance with Section 4219(b)(1) of ERISA, 29 U.S.C. § 1399(b)(1). The notice and demand for payment set

forth a payment schedule requiring payment of withdrawal liability in the amount of $451,171 in nineteen (19) quarterly installments of $26,233, each, with a final payment of $14,418. Further, the letter explained that interim withdrawal liability payments were required to begin on July 1, 2014, 60 days after the demand, consistent with section 4219(c)(2) of ERISA, 29 U.S.C. § 1399(c)(2).

17. Transpersonnel requested review of the Pension Plan's withdrawal liability assessment on December 18, 2104.

18. Transpersonnel sent notice of initiation of arbitration to the Pension Plan dated December 30, 2014.

19. Transpersonnel, and/or members of the controlled group, failed to make quarterly interim withdrawal liability payments pursuant to the schedule set forth in the demand for payment within 60 days following the date of the notice of demand for payment in violation of sections 4219(c)(2) and 4221(d) of ERISA, 29 U.S.C. §§ 1399(c)(2) and 1401(d).

20. Transpersonnel and/or control group members' failure to make any interim withdrawal liability payments pursuant to the schedule set forth in the Pension Plan's notice and demand of April 30, 2014, constitutes a violation of sections 4219(c)(2) and 4221(d) of ERISA, 29 U.S.C. §§ 1399(c)(2) and 1401(d), for which the Pension Plan is entitled to relief pursuant to section 4301(b) and (c) of ERISA, 29 U.S.C. § 1451(b) and (c).

## COUNT 1

### Claim by the Pension Plan
### Against Transpersonnel, Manpower, Manpower US and Manpowergroup for Outstanding Interim Withdrawal Liability Payments

21.     The allegations of paragraphs 1-20 are incorporated by reference as if fully set forth herein.

22.     Purusant to Sections 4203, 4219(c)(2), and 4221(d) of ERISA, 29 U.S.C. §§ 1383, 1399(c)(2), 1401(d), an employer is required to make interim withdrawal liability payments in accordance with the schedule set forth by the Pension Plan in its notice and demand of April 30, 2014, notwithstanding any request for review or initiation of arbitration.

23.     Pursuant to section 4301(b) of ERISA, 29 U.S.C. § 1451(b) and (c), the Pension Plan may bring a civil action to compel an employer to make any outstanding withdrawal liability payments pursuant to the schedule set forth in the notice and demand.

24.     Pursuant to Section 4301(b) of ERISA, 29 U.S.C. § 1451(b), the failure of an employer to make any withdrawal liability payment within the time specified shall be treated in the same manner as a delinquent contribution pursuant to section 515 of ERISA, 29 U.S.C. § 1145.

25.     Transpersonnel and the members of the controlled group have violated Section 4219 of ERISA, 29 U.S.C. § 1399 by failing to make thirteen interim withdrawal liability payments pursuant to the schedule set forth in the notice and femand of April 30, 2014, and owe $340,899 in contributions, $34,089 in liquidated damages and interest, attorneys' fees and costs in amount to be determined.

WHEREFORE, Plaintiff Pension Plan prays:

a. That judgment be entered against Defendants Transpersonnel, Inc., Manpower, Inc., Manpower US, Inc., Manpowergroup Global, Inc., and any other members of the Tranpsersonnel controlled group for thirteen interim withdrawal liability payments of $26,223 each, for a total of $340,899 in contributions, together with interest at the rate of 10 percent (10%) annually from the date the payment was due and owing until paid or until the date of judgment, whichever is sooner;

b. That judgment be entered against Defendants Transpersonnel, Inc., Manpower, Inc., Manpower US, Inc., Manpowergroup Global, Inc., and any other members of the Tranpsersonnel controlled group, in the amount of $34,089 for liquidated damages on the interim withdrawal liability contributions;

c. That judgment be entered against Defendants Transpersonnel, Inc., Manpower, Inc., Manpower US, Inc., Manpowergroup Global, Inc., and any other members of the Tranpsersonnel controlled group in an amount to be determined for attorneys' fees and costs incurred by the Fund.

d. That Plaintiff Pension Plan be afforded post-judgment interest, reasonable attorneys' fees and its costs;

e. And further, that such other relief be granted as this Court deems just and proper.

Date:  August 3, 2017            /s/ Corey Smith Bott
                                 Corey Smith Bott
                                 Bar No. 25673
                                 Abato, Rubenstein and Abato, P.A.
                                 809 Gleneagles Court, Suite 320
                                 Baltimore, Maryland 21286
                                 (410) 321-0990